[Cite as *Sokol v. HMDG, L.L.C.*, 2013-Ohio-3476.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STACY L. SOKOL, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-G-3117** |
| HMDG, LLC, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 09M000191.

Judgment: Affirmed.

*Mitchell L. Alperin*, 29325 Chagrin Blvd., Suite 3045, Pepper Pike, OH 44122 (For Plaintiff-Appellee).

*Carolyn J. Paschke*, Law Office of Carolyn J. Paschke Co., L.P.A., 10808 Kinsman Road, P.O. Box 141, Newbury, OH 44065 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}  Appellant[1], HMDG, LLC, appeals the judgment of the Geauga County Court of Common Pleas denying a Civ.R. 60(B) motion for relief from a default judgment ordering appellant to pay $52,704.39 to appellee, Stacy Sokol, Esq. The trial court found that appellant's motion for relief from judgment, filed 16 months after the entering of default judgment, was untimely. This court must determine whether the trial court abused its discretion. For the reasons that follow, we affirm.

---

1. A complaint was filed against Defendants HMDG, LLC, HMDG Corporation, Geoffrey M. Mills, Brett Howard, and Howard & Mills, Inc; however, only HMDG, LLC filed a notice of appeal.

{¶2} Appellee, an attorney licensed to practice law in the state of California, filed a complaint in 2009 against appellants for attorney fees relating to representation of various entities in California and outside of California. Represented by counsel, appellants filed an answer. Appellant's attorney subsequently filed a motion to withdraw as counsel because, after repeated attempts, he was unable to contact or communicate with appellant's representative, Mr. Farzad Khalili, now the only member of HMDG, LLC. Appellant's attorney was granted leave to withdraw.

{¶3} When appellant's failed to attend a trial management conference, appellee filed a motion for default judgment, which was granted on August 16, 2010. Over 15 months later, on December 30, 2011, appellant filed a motion to set aside the judgment and dismiss the case based on accord and satisfaction. Appellant argued, as a result of appellee's acceptance of a check he previously tendered in February of 2010, the parties had effectively settled any dispute vis-à-vis the alleged debt.

{¶4} In a letter to Mr. Khalili and HMDG, LLC, dated February 9, 2010, appellee offered to settle the claim and dismiss the instant action in return for a payment of $22,000 no later than February 15, 2010. On February 22, 2010, Mr. Khalili tendered a check to appellee in the amount of $15,000. Mr. Khalili, on the face of the February 9, 2010 letter, wrote: "Please accept this check for the amount of $15,000 to close this case. Thank you. Please send or fax me a copy of the accepted agreement." In the memo of the check, Mr. Khalili wrote the case number of the instant action and "final payment." The altered letter was sent to appellee with a check from the account of Delbars Group LLC, a California limited liability company, Farzad Khalili, and Farhad Khalili, the brother of Farzad Khalili.

{¶5} Upon receipt of the check, appellee interlined the words final payment and cashed the check. According to appellee's affidavit, attached to his motion in opposition to appellants' motion to set aside default judgment and dismiss the case based on accord and satisfaction, he had also obtained a judgment in the state of Michigan against the Khalilis and Delbars Group, LLC for $73,514.21, plus costs. By interlining the words "final payment," appellee was following California law and was protesting against acceptance of the tender from Delbars and the Khalilis as full payment for any of the judgments and he accepted the check as partial payment owing by the Delbars and the Khalilis on the entire amount owned. Additionally, appellee never signed his altered February 9, 2010 letter.

{¶6} The trial court held a hearing on the motion in which Mr. Khalili testified. In addition to testifying to the above facts concerning the settlement negotiations, Mr. Khalili stated that he was aware of the default judgment "in the middle of 2010." Mr. Khalili testified that, after receiving notice of the judgment, he was "shocked." He attempted to contact appellee numerous times to no avail. Although Mr. Khalili then filed a complaint with the bar association in California, he took no action in Ohio to set aside the default judgment. Sixteen months later, Mr. Khalili retained an attorney to file a motion to set aside the default judgment.

{¶7} After an evidentiary hearing, the trial court overruled appellant's motion finding that it was not brought within a reasonable time period. Appellant appeals and asserts the following assigned error:

{¶8} "The trial court abused its discretion and committed reversible error in denying appellant's motion for relief from judgment pursuant to Civ.R. 55(B) and Civ.R. 60(B)."

3

{¶9} In appellant's sole assignment of error, it argues the trial court abused its discretion by denying the motion for relief from judgment pursuant to Civ.R. 60(B). We disagree.

{¶10} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:

{¶11} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reason (1), (2), and (3) not more than one year after the judgment * * *."

{¶12} Regarding the moving party's obligations for a Civ.R. 60(B) motion, the Ohio Supreme Court has held:

{¶13} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec. v. ARC*

4

*Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any one of the aforementioned requirements is not satisfied, the motion is properly overruled.

{¶14} Appellant sought relief under Civ.R. R. 60(B)(4). Despite the fact that a motion made under Civ.R. 60(B) is not subject to the one-year limitation, it must be filed within a "reasonable time." *Id.* "The determination of what is a reasonable time is left to the sound discretion of the trial court. A movant must offer some operative facts or evidential material demonstrating the timeliness of his or her motion." *In re Guardianship of Brunstetter,* 11th Dist. Trumbull No. 2002-T-0008, 2002-Ohio-6940, ¶14, citing *Shell v. Cryer,* 11th Dist. Lake No. 2001-L-083, 2002-Ohio-848. The reasonableness of the time period is dependent upon the facts and circumstances of the particular case. *Simmons v. Simmons*, 8th Dist. Cuyahoga No. 97975, 2012-Ohio-4164, ¶8.

{¶15} Here, the trial court denied appellant's motion on the grounds that it was not made within a reasonable time after entry of default judgment. Appellant moved for relief from judgment on December 30, 2011 – over 15 months after the entry of judgment. However, that Mr. Khalili was aware of both the pending motion for default judgment and the entry of default just four days after it was entered. During his testimony at the hearing and in his motion, Mr. Khalili asserts that he was shocked when he received notice of the judgment because he considered the matter settled upon tendering the $15,000 check to appellee.

{¶16} We are aware that settlement negotiations may extend the time normally considered reasonable. *Simmons*, *supra*, ¶8. In this case, however, Mr. Khalili and appellee engaged in settlement negotiations *prior* to appellee filing his motion for

5

default judgment. Mr. Khalili should have been aware that by appellee not signing the altered February 9, 2010 letter and appellee's interlineations of the words "final payment" on the check, that appellee was not accepting his counter-offer to settle and dismiss the instant action for $15,000. Moreover, the default judgment was not issued until six months after negotiations failed. He then waited over 15 months before filing his Civ.R. 60(B) motion for relief from judgment even though no negotiations took place after default was granted. "While settlement negotiations may extend the time normally considered reasonable depending upon the circumstances of a particular case, once those negotiations fail, the unexplained delay of the passage of more time becomes increasingly unreasonable." *Id.* ¶11.

{¶17} Mr. Khalili has failed to provide any justification for his unreasonable delay in filing for relief from judgment. Mr. Khalili was aware default judgment was entered. He also stated he was "shocked" by this revelation further indicating he appreciated the nature and gravity of the entry. Without some indication that Mr. Khalili was justifiably prevented or otherwise unable to file the motion sooner, we cannot conclude the trial court abused its discretion.

{¶18} Accordingly, appellant's sole assignment of error is without merit.

{¶19} Based on the opinion of this court, the judgment of the Geauga County Court of Common Pleas is hereby affirmed.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

6